IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHAUNNA CROCKER, et al.,** )</br>)</br>**Plaintiffs,** )</br>)</br>v.  )</br>)</br>**CITY OF FAIRHOPE, et al.,** )</br>)</br>**Defendants.** ) | **CIVIL ACTION 04-0184-WS-B** |

**ORDER**

This matter is before the Court on the defendant's motion to disqualify plaintiffs' expert Jodi Brewer.  (Doc. 83).  The plaintiffs have filed a response, (Doc. 91), and the motion is ripe for resolution.  After careful consideration of these materials, the Court concludes that the motion is due to be granted in part and denied in part.

Brewer is a licensed professional counselor ("LPC") who has spent nine hours in therapy with plaintiff Shaunna Crocker.  In her deposition, Brewer opined that Shaunna is suffering from post-traumatic stress disorder ("PTSD") due to her sexual encounters with the defendant.  The defendant's motion is based on the assertion that Brewer "is not qualified to render the medical opinions she asserts herein." (Doc. 83 at 4).  An expert witness must be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702.  The plaintiffs identify no qualification that Brewer possesses other than her status as an LPC.  (Doc. 91).

In every known Eleventh Circuit case in which PTSD was diagnosed, the diagnosis was made by a medical doctor or psychologist.[1]  The plaintiffs argue that an LPC is qualified, by dint of her title, to render a diagnosis of PTSD, but they have identified no judicial opinion supporting the proposition.

---

[1] *See Rutherford v. Crosby*, 385 F.3d 1300, 1314 (11th Cir. 2004); *Lee v. Ferraro*, 284 F.3d 1188, 1192 (11th Cir. 2002); *Dorsey v. Chapman*, 262 F.3d 1181, 1183 n.1 (11th Cir. 2001); *Carnes v. Sullivan*, 936 F.2d 1215, 1217 (11th Cir. 1991); *Hattaway v. McMillian*, 903 F.2d 1440, 1443 (11th Cir. 1990); *Funchess v. Wainwright*, 788 F.2d 1443, 1445 (11th Cir. 1986); *United States v. Lake*, 709 F.2d 43, 44 (11th Cir. 1983).

On the other hand, a wealth of authority rejects the idea that an LPC is qualified to render such an opinion.[2] The plaintiffs have expended no effort to demonstrate that the persuasive force of these cases should be ignored or that Brewer falls outside their scope. The Court concludes that Brewer is not qualified to testify that Shaunna suffers from PTSD.

The defendant seeks to "disqualify [Brewer] from testifying in this case." (Doc. 83 at 1). While Brewer is not qualified to render a diagnosis of Shaunna's condition, she is competent to testify as a lay witness as to what she heard, observed and did in the course of her treatment of Shaunna. *See Jackson v. Bayou Industries*, 1995 WL 143538 at *2 ("[T]he Court will allow the witness to testify concerning her interviews with plaintiffs, any behavioral characteristics she observed during these interviews, and the course of counseling she used with plaintiffs.").

For the reasons set forth above, the defendant's motion is **granted** to the extent it seeks to preclude Brewer from offering a diagnosis of Shaunna's mental condition. In all other respects, the motion is **denied**.

DONE and ORDERED this 4th day of May, 2005.

                                                  s/ WILLIAM H. STEELE
                                                  UNITED STATES DISTRICT JUDGE

---

[2] *E.g., Jackson v. Bayou Industries*, 1995 WL 143538 at *1-2 (E.D. La. 1995)( an LPC with a masters in psychology, one formal course and one afternoon seminar in Diagnostic Statistical Manuals, no specialization in psychiatric testing and no administration of psychiatric tests to the plaintiff, was "not an expert qualified to diagnose plaintiffs' psychological condition [of PTSD]"); *State v. Willis*, 888 P.2d 839, 847 (Kan. 1995)("for a witness to qualify as an expert on post-traumatic distress disorder and rape trauma syndrome, the witness must possess special training as an expert in that field of psychiatry"; a clinical social worker with a masters degree in social work has no such qualification), *modified by statute, Welch v. State*, 13 P.3d 882, 886-87 (Kan. 2000); *State v. Lee*, 502 A.2d 332, 335 (R.I. 1985)("[C]ourts have required that PTSD be proven through expert medical testimony by licensed physicians or psychiatrists."); *see also Hall v. United Insurance* Co., 367 F.3d 1255, 1261 (11th Cir. 2004)(upholding trial court's exclusion of LPC's testimony that the decedent was incompetent, which rested in part on the plaintiff's failure to show that "counselors with similar training are qualified to render an opinion as to an individual's mental capacity"); *United States v. Crosby*, 713 F.2d 1066, 1076 (5th Cir. 1983)(upholding trial court's exclusion of counselor's testimony on the grounds that "only physicians could qualify as diagnostic experts concerning this medical condition [of PTSD]").