IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHAUNNA CROCKER, et al.,** )  )  **Plaintiffs,** )  ) v. ) **CIVIL ACTION 04-0184-WS-B**  ) **CITY OF FAIRHOPE, et al.,** )  ) **Defendants.** ) | |

**ORDER**

This matter is before the Court on the defendant's motion in limine to strike the plaintiffs' itemized damages. (Doc. 87). The Court concludes that the motion is due to be granted in part and denied in part.

The plaintiffs' list of damages as included in the joint pretrial document includes the following items:

- Loss of job (Shaunna)   $20,000
- Lost wages (Michael)    $28,000
- Counseling              $7,000
- Medical bills           $10,000

(Doc. 84 at 18). The defendant complains that the plaintiffs did not identify these elements of damage either in their initial disclosures or in response to the defendants' interrogatories.[1]

The plaintiffs were required to provide the defendant "a computation of any category of damages claimed," along with all documents on which the computation was based. Fed. R. Civ. P. 26(a)(1)(C). The plaintiffs' initial disclosures completely ignored this requirement. (Doc. 87, Exhibit D

---

[1] The plaintiffs were asked to "give a complete itemization of all such elements of damage." (Doc. 87, Exhibit A at 3, ¶ 9; *accord id.*, Exhibit B at 2, ¶ 6; *accord id.*, Exhibit C at 2, ¶ 5). The plaintiffs did not identify the items of damages listed in text. Because the defendant's motion can be decided based on Rule 26(a)(1), the Court does not consider the sanctions available to redress the plaintiffs' failure to respond to formal discovery requests.

at 1-2). The plaintiffs then ignored the defendant's letter requesting supplementation. (*Id*. at 3 & Exhibit E).

"A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any ... information ... not so disclosed." Fed. R. Civ. P. 37(c)(1). The burden is on the plaintiffs to demonstrate either that their failure to disclose was substantially justified or that the failure is harmless.[2]

The plaintiffs explain that they did not disclose these elements of damages because they thought in terms of demanding policy limits, not in terms of categories of damages. (Doc. 95, ¶ 2). Only after the other defendants were dismissed, and only for the purpose of advancing settlement discussions, did they decide to forward the remaining defendant a listing of damages. (*Id*., ¶ 3). The plaintiffs' explanation does not furnish, but rather negates, any substantial justification for their failure to comply with Rule 26(a)(1).

As the plaintiffs have failed to address harmlessness, they necessarily have failed to carry their burden regarding this element. The disclosure of these elements of damage comes after discovery closed and only a few weeks before trial.[3] Granting a continuance to allow the defendant to explore these elements of damage would perversely encourage these plaintiffs and other litigants to disregard the plain mandate of Rule 26(a)(1). *Klonoski v. Mahlab*, 156 F.3d 255, 273 (1st Cir. 1998).

Exclusion of the undisclosed information is an "automatic sanction." Fed. R. Civ. P. 26 advisory committee notes 1993 amendments. The alternative sanctions listed in Rule 37(c)(1) "are primarily intended to apply when a party fails to disclose evidence helpful to an *opposing* party." *Southern States v. Sherwin-Williams*, 318 F.3d 592, 595 n.2 (4th Cir. 2003)(emphasis in original). Thus, "absent some unusual extenuating circumstances not present here [i.e., substantial justification or

---

[2]*E.g., Roberts ex rel. Johnson v. Galen, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)(citing Fifth and Seventh Circuit cases); *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)(citing a First Circuit case); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

[3]In deposition, the plaintiffs suggested they were claiming damages for lost income. (Doc. 87 at 3-5). However, those depositions occurred after the close of discovery.

harmlessness], the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial." *Klonoski v. Mahlab*, 156 F.3d at 271.

The plaintiffs blatantly violated Rule 26(a)(1). They have not shown either that the violation was substantially justified or that it was harmless, and exclusion of the undisclosed information is the appropriate sanction. Accordingly, the defendant's motion to strike the plaintiffs' itemized damages with respect to lost income, counseling and medical expense is **granted**.

The defendant also seeks to strike the remaining items on the plaintiffs' list of damages, which are as follows:

- Each time of sexual assault             $100,000
- Loss of consortium                       $100,000

(Doc. 84 at 18). As noted, the plaintiffs provided no disclosures concerning damages under Rule 26(a)(1), and their failure to do so is not substantially justified. However, the defendant plainly has not been harmed by this omission.

In response to written discovery requests, the plaintiffs disclosed that they sought $1,000,000 per count, including for Michael's loss-of-consortium count. (Doc. 87, Exhibit A at 3, ¶ 9; *id.*, Exhibit B at 2, ¶ 6). Moreover, these responses reflect that the plaintiffs based the demand on mental anguish. Although the defendant complains that the plaintiffs did not "provide any explanation of how they calculated these items," (Doc. 87 at 7), he has neither shown that Rule 26(a)(1) requires a plaintiff to develop a mathematical formula for calculating "soft" damages nor explained how he could have been harmed by the absence of such a formula. The plaintiffs' discovery responses were served in July 2004, in ample time to be followed up with additional discovery. Accordingly, the plaintiffs' failure to comply with Rule 26(a)(1) was, to this extent, harmless. The defendant's motion to strike these damages is **denied**.

Finally, the defendant moves to preclude the plaintiffs from seeking punitive damages because no such demand is contained in their list of damages in the joint pretrial document. (Doc. 87 at 7). While there is no mention of punitive damages in the plaintiffs' listing of damages, (Doc. 84 at 18), both

the defendant and the plaintiffs repeatedly use the joint pretrial document to discuss the availability and appropriateness vel non of an award of punitive damages in favor of Shaunna. (*Id*. at 4, 6, 7, 8,9). These passages reflect that all parties were fully aware that punitive damages are claimed. Accordingly, the defendant's motion to preclude the plaintiffs from seeking punitive damages is **denied**.

DONE and ORDERED this 4th day of May, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
