# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SHAUNNA CROCKER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION 04-0184-WS-B |
| | ) |
| **CITY OF FAIRHOPE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the defendant's motion in limine to preclude comments or testimony concerning his arrest and indictment. (Doc. 88). The defendant reports that he has been indicted on two ethics charges and has pleaded not guilty to them. Because he has not been convicted, the defendant correctly asserts that the charges cannot be used to impeach his credibility pursuant to Federal Rule of Evidence 609. (Docs. 88, 98).

The plaintiffs respond that they intend to introduce evidence of the defendant's arrest and indictment in an effort to demonstrate a prior inconsistent statement by the defendant pursuant to Rule 613. (Doc. 94). According to the plaintiffs, the defendant's plea of not guilty to the criminal charges is inconsistent with his previous admission that he and plaintiff Shaunna Crocker engaged in sexual relations.

Prior inconsistent statements are appropriately used to challenge the credibility of the witness's in-court testimony on the same point. The defendant presumably will testify at trial that he had sexual relations with Shaunna.[1] Thus, assuming that the defendant's plea is inconsistent with his having engaged in sexual relations with Shaunna, the plaintiff would like to ask the defendant about his plea in order to challenge the credibility of the defendant's in-court testimony that he had sex with Shaunna.

The difficulty is that, in order to prevail in their lawsuit, the plaintiffs must prove that the defendant and Shaunna did have sexual relations. It is in their interest for the defendant to admit such

---

[1] He has so admitted in the pretrial document. (Doc. 84 at 4, 7, 9, 10).

relations, and it is against their interest for him to deny such relations.  Thus, the plaintiffs have no interest in undermining the defendant's admission of such relations by showing that he previously (pursuant to his plea) denied such relations.

Because the plaintiffs have no legitimate impeachment reason to seek evidence of the defendant's indictment and plea, they must be attempting to use the prior inconsistent statement for something other than impeachment (presumably, to tarnish the defendant with the stain of a criminal charge).  However, "impeachment by prior inconsistent statement may not be permitted where employed as a mere subterfuge to get before the jury evidence not otherwise admissible."  *Whitehurst v. Wright*, 592 F.2d 834, 839 (5th Cir. 1979).  The plaintiffs' attempted use of the defendant's indictment and plea has all the markings of such a subterfuge.

The result would be the same were it the case (as seems doubtful) that it is an element of the ethics charges that the sexual encounters were non-consensual.  Should the defendant assert on the witness stand that the encounters were consensual (as he has done in deposition and elsewhere), his plea of not guilty would be consistent with his trial testimony.  Should the defendant admit on the witness stand that the relations were non-consensual, the plaintiffs would have no legitimate interest in impeaching him with his plea.

The plaintiffs' only articulated basis for informing jury of the criminal charges against the defendant is meritless.  Accordingly, the defendant's motion in limine is **granted**.

DONE and ORDERED this 4th day of May, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE