IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHAUNNA CROCKER, et al.,        )
                                )
        Plaintiffs,             )
                                )
v.                              )    CIVIL ACTION 04-0184-WS-B
                                )
CITY OF FAIRHOPE, et al.,       )
                                )
        Defendants.             )

**ORDER**

This matter is before the Court on the defendant's motion in limine to preclude testimony by plaintiffs' witness Wilson Myers. (Doc. 90). The plaintiffs have filed a response, (Doc. 93), and the defendant a reply, (Doc. 99), and the motion is ripe for resolution.

The defendant correctly notes that Myers was not identified in the plaintiffs' initial disclosures. (Doc. 87, Exhibit D). The plaintiffs explain that they did not list Myers because they did not know whether he would be available for trial or would still be on duty in Iraq. The difficulty is that the plaintiffs were obligated to disclose all persons "likely to have discoverable information that the disclosing party *may* use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(emphasis added). The plaintiffs' response makes clear that at all relevant times they: (1) were aware of Myers; (2) were aware of his possession of discoverable information concerning Shaunna Crocker's mental state; and (3) intended to use this information to support their case, contingent only on Myers' return from duty.[1]

The plaintiffs next argue that Rule 26(a)(1) does not apply because they will use Myers'

---

[1]Shaunna also failed to identify Myers in response to the defendants' interrogatory calling for disclosure of "every person ... who otherwise have [sic] relevant knowledge relating to the allegations contained in the complaint." (Doc. 87, Exhibit A at 2, ¶ 4). Because the complaint alleges that Shaunna experienced mental anguish, humiliation and emotional distress, (Doc. 1, ¶¶ 33, 37), she was obligated to identify Myers. Because the defendant's motion can be decided based on Rule 26(a)(1), the Court does not consider the sanctions available to redress Shaunna's failure to respond to formal discovery requests.

testimony only to impeach the testimony of defense witnesses regarding Shaunna's "state of mind at the time of the sexual acts." (Doc. 93, ¶ 5). This is false on its face. If Myers has any personal knowledge concerning Shaunna's mental state, his testimony constitutes substantive evidence of that mental state; that his testimony may conflict with the testimony of defense witnesses cannot reduce his testimony to mere impeachment. *E.g., Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998).

"A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness ... not so disclosed." Fed. R. Civ. P. 37(c)(1). The burden is on the plaintiffs to demonstrate either that their failure to disclose was substantially justified or that the failure is harmless.[2]

Except as noted above, the plaintiffs do not attempt to establish substantial justification for their failure to identify Myers. Their uncertainty as to whether he would be available for trial plainly does not rise to this level, as appellate courts have routinely found no substantial justification when the nondisclosing party failed to act prudently to ensure timely disclosure.[3] As the plaintiffs have failed to address harmlessness, they necessarily have failed to carry their burden regarding this element. The disclosure of Myers comes long after discovery closed and only a few weeks before trial. Granting a continuance to allow the defendant to explore Myers' potential testimony would perversely encourage these plaintiffs and other litigants to disregard the plain mandate of Rule 26(a)(1). *Klonoski v. Mahlab*, 156 F.3d at 273.

Exclusion of the undisclosed witness is an "automatic sanction." Fed. R. Civ. P. 26 advisory committee notes 1993 amendments. The alternative sanctions listed in Rule 37(c)(1) "are primarily intended to apply when a party fails to disclose evidence helpful to an *opposing* party." *Southern*

---

[2]*E.g., Roberts ex rel. Johnson v. Galen, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)(citing Fifth and Seventh Circuit cases); *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)(citing a First Circuit case); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

[3]*See Southern States v. Sherwin-Williams*, 318 F.3d at 598; *Yeti by Molly v. Deckers Outdoor*, 259 F.3d at 1107; *Bowe v. Consolidated Rail Corp.*, 2000 WL 1434584 at **3-4 (6th Cir. 2000); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).

*States v. Sherwin-Williams*, 318 F.3d 592, 595 n.2 (4ᵗʰ Cir. 2003)(emphasis in original).  Thus, "absent some unusual extenuating circumstances not present here [i.e., substantial justification or harmlessness], the appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial."  *Klonoski v. Mahlab*, 156 F.3d at 271.

The plaintiffs blatantly violated Rule 26(a)(1).  They have not shown either that the violation was substantially justified or that it was harmless, and exclusion of the undisclosed witness is the appropriate sanction.  Accordingly, the defendant's motion to exclude Myers' testimony is **granted**.

DONE and ORDERED this 4ᵗʰ day of May, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE