IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAUNNA CROCKER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 04-0184-WS-B |
| | ) |
| CITY OF FAIRHOPE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the defendant's motion to re-tax costs. (Doc. 126). The plaintiffs have filed a response and the defendant a reply, (Docs. 130, 131), and the motion is ripe for resolution. After careful consideration of the foregoing materials, all other relevant materials in the file, and events at trial, the Court concludes that the motion is due to be granted in part and denied in part.

**I. Court Reporter Fees.**

The defendant requests $5,616.25 representing court reporter fees in connection with depositions taken in this case. (Doc. 126 at 1-3). Court reporter fees for "stenographic transcripts" that were "necessarily obtained for use in the case" are properly taxable. 18 U.S.C. § 1920(2). "It is not necessary to use a deposition at trial for it to be taxable, but admission into evidence or use during cross-examination tends to show that it was necessarily obtained." *United States Equal Employment Opportunity Commission v. W&O, Inc*., 213 F.3d 600, 621 (11th Cir. 2000). "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses, ... and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." *Id*. A party may even recover the cost of his own deposition if it was reasonably necessary, such as to allow his counsel to confine impeachment to its proper limits. *Id*. at 622.

Applying these criteria, the Court concludes that all six of the depositions identified by the defendant were "necessarily obtained for use in the case." The depositions of the two plaintiffs were used to cross-examine them at trial. Portions of the deposition of Sarah Rusich were introduced into evidence when she failed to honor her subpoena. Jodi Brewer was listed as a witness on the plaintiffs' witness list, and Chris Browning and the defendant were listed on the defendant's witness list, with the plaintiffs' list incorporating "any witness on any other parties [sic] witness list." (Doc. 84 at 16-17).

Any portion of the cost of a deposition that was incurred "for the convenience of the attorney" rather than being "necessarily obtained for use in the case" is not properly taxable. *Newman v. A. E. Staley Manufacturing Co.*, 648 F.2d 330, 337 (5th Cir. 1981). The condensed transcripts that the defendant obtained of his deposition and that of Chris Browning fall within this category. Accordingly, this $50.00 expense must be disallowed.

Although Section 1920 speaks in terms of "stenographic transcripts," the costs of video depositions may be taxed. "[W]e hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition *in the manner noticed*." *Morrison v. Reichold Chemicals, Inc*., 97 F.3d 460, 464-65 (11th Cir. 1996)(emphasis added). The amended deposition notices for the plaintiffs announce in several places that the depositions will be "videotaped," but they do not state that the deposition will also be recorded by stenographic means. (Doc. 126, Exhibit A). The defendant is thus precluded from an award of the costs of the stenographic recording of the plaintiffs' depositions.

Moreover, the quoted language from *Morrison* is only a threshold test to determine what constitutes a "stenographic transcript" potentially subject to taxation; even when it is satisfied, the Court must determine whether the transcript was "necessarily obtained for use in the case." 97 F.3d at 465. The defendant has not offered to explain how the court reporter's transcript of the plaintiffs' depositions (in addition to the videotape, which is the version that was presented to the jury) was "necessarily obtained" for use in the case. It may be assumed that a paper transcript is helpful to counsel in speedily

identifying those portions of a deposition she wishes to emphasize at trial, but such a purpose is quintessentially one "for the convenience of the attorney." *See, e.g., Cherry v. Champion International Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) ("The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial.")(upholding trial court's refusal to allow both videotape and stenographic transcript as costs).[1]

In summary, the defendant has sought taxation of $5,216.24 in deposition costs. The Court excludes the cost of an extra, condensed copy of certain depositions ($50) and the costs of the court reporter's transcripts of the plaintiffs' depositions ($2,557.50). The taxable amount for depositions, therefore, is $3,008.74.

## II. Witness Fees.

The defendant requests $325.87 representing witness fees. (Doc. 126 at 3-4). "Fees and disbursements for ... witnesses" are properly taxable. 28 U.S.C. § 1920(3); *accord Morrison v. Reichold Chemicals*, 97 F.3d at 463. The daily witness fee is $40.00, *see* 28 U.S.C. § 1821(b), and the mileage rate for witnesses is $0.405 per mile. *Id.* § 1821(c)(2); 70 Fed. Reg. 5,932 (Feb. 4, 2005)(to be codified at 41 C.F.R. pt. 301-10). The defendant's requested award correctly utilizes these benchmarks. Accordingly, he is entitled to an award of such costs in the full amount sought.

## III. Copies of Exhibits and Documents.

The defendant requests $1,520.17 representing copies of exhibits and documents. (Doc. 126 at 4-6). "Fees for exemplification and copies of papers necessarily obtained for use in the case" are properly taxable. 28 U.S.C. § 1920(4). "Exemplification" is limited to "an official transcript of a public record, authenticated as a true copy for use as evidence," *Arcadian Fertilizer, L.P. v. MPW*

---

[1]The Court allows the court reporter's $200.00 per diem charge for the plaintiffs' depositions, as there is no reason to believe this charge would not have been incurred had she videotaped the depositions without stenographically recording them.

*Industrial Services, Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001)(internal quotes omitted), and so is not at issue.

The term "[c]opies of paper" is limited to "reproductions involving paper in its various forms." *Arcadian Fertilizer v. MPW Industrial Services*, 249 F.3d at 1296. Copies of photographs are thus potentially taxable, *id*., but CD compilations of photographs are not. While the defendant correctly notes that "oversize documents" constitute paper, *id*. at 1296, the defendant's oversized calendar exhibit is not a "copy" of a paper document but is a new creation, and "physical exhibits like models and charts simply may not be taxed as costs because there is no statutory authorization." *Id*. at 1297.

The defendant made three copies of his trial exhibits, but he requests taxation only of the set prepared for introduction at trial (at $0.10 per page). (Doc. 126 at 4). Although the Eleventh Circuit has "h[e]ld that exhibit costs are not taxable because there is no statutory authorization," *EEOC v. W&O*, 213 F.3d at 623, this apparently broad statement is limited to physical exhibits.[2] That the defendant did not introduce all of these exhibits at trial is not dispositive of whether they were "necessarily obtained for use in the case." *Id*. at 623. The Court has reviewed the defendant's exhibit list and concludes that he "could have reasonably believed that it was necessary to copy the papers at issue" so they could be introduced at trial as appropriate, such that an award of costs of copying is appropriate. *Id*.[3]

The bulk of the defendant's request under Section 1920(4) is for editing the videotape of the plaintiff's deposition and statement. (Doc. 126 at 5-6). However, this editing represents neither an

---

[2]This statement appears in the Court's discussion headed "Exemplification Costs," not in its separate discussion of "Copy Costs," and under the latter heading the Court apparently discussed paper exhibits. *Id*. at 622-23. Nor do the seven exhibits at issue in *W&O* appear to have been paper exhibits. *See id.* at 610. Moreover, the case of *Johns-Manville Corp. v. Cement Asbestos Products Co.*, 428 F.2d 1381 (5th Cir. 1970), on which the *W&O* Court relied, was itself limited to "physical exhibits." *Id*. at 1385; *see also Arcadian Fertilizer v. MPW Industrial Services*, 249 F.3d at 1297 (construing *Johns-Manville*'s ruling as limited to physical exhibits).

[3]Each of the defendant's exhibits attacked elements of the plaintiffs' case and/or witnesses they listed in the pretrial document. The defendant's failure to introduce some of his exhibits plainly reflects the late collapse of the plaintiffs' case, including without limitation the exclusion of certain elements of damage and the plaintiffs' failure to call certain listed witnesses.

official transcript of a public record nor a copy of paper.  It is therefore not taxable under this section.

The defendant argues in the alternative that the cost of editing the videotapes is taxable under Section 1920(2).  While that section allows taxation of the cost of videotaping a deposition, it does not allow taxation of the cost of manipulating the videotape after its creation.  *See Morrison v. Reichold Chemicals*, 97 F.3d at 465-66 (the cost of a videographer for playback of a video deposition at trial cannot be taxed under Section 1920).[4]

In summary, the defendant has sought taxation of $1,520.17 in copying costs.  The Court excludes the cost of photographic CDs ($16.35), the cost of the oversized calendar exhibit ($37.61), and the cost of editing videotapes and creating DVDs ($1,167.46).  The taxable amount for copying, therefore, is $298.75.

## IV.  Docket Fee.

A docket fee of $20.00 is taxable as a matter of course "on trial or final hearing" in a civil case.  28 U.S.C. § 1923(a).  The defendant is entitled to taxation of this amount.

## V.  Plaintiffs' Contentions.

The plaintiffs argue that costs should not be taxed because it was not the defendant but his insurer that paid the expenses in the first instance, such that the defendant would receive a windfall should costs be taxed.  (Doc. 130 at 1-3). The defendant, however, is obligated by contract to reimburse the insurer, (Doc. 131 at 1), so there is no chance of a windfall.  At any rate, the Eleventh Circuit has held on a variety of grounds that costs generally may be awarded to a prevailing litigant whose insurer paid his litigation costs, even when he is not obligated to reimburse the insurer.  *Manor*

---

[4]*Arcadian Fertilizer* does not, as the defendant supposes, support a different conclusion.  The *Arcadian Fertilizer* Court simply noted that the "videotape exhibits" at issue might be excerpts from videotaped depositions which might be taxable if they "ha[d] not previously been accounted for in the court's calculations" and if they otherwise met the requirements of *Morrison*.  249 F.3d at 1297 n.5.  The Court did not suggest that any cost other than the cost of videotaping could be taxed and, in light of *Morrison*, it could scarcely have done so.

*Healthcare Corp. v. Lomelo*, 929 F.2d 633, 638-39 (11th Cir. 1991).

The plaintiffs also argue generally that the amounts claimed are unreasonable, but they identify no instance of unreasonable cost. Upon review, the Court concludes that the amounts taxed, and the pricing structures of the elements of the award, are all reasonable.

**VI. Conclusion.**

For the reasons set forth above, the defendant's motion to re-tax costs is **granted** with respect to those items identified above, in the total amount of $3,653.36. In all other respects, the motion to re-tax is **denied**.[5]

DONE and ORDERED this 29th day of June, 2005.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[5] This order supersedes the Clerk's taxation of costs. (Doc. 127).